UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| MILBURN L. EDWARDS, SR., | ) |
| Plaintiff, | ) |
| v. | ) No. 1:09-0025 |
| | ) Judge Echols |
| LESLIE E. PRICE, ET AL., | ) |
| Defendants. | ) |

**MEMORANDUM**

**I. INTRODUCTION AND BACKGROUND**

The plaintiff, proceeding *pro se*, is a prisoner in the South Central Correctional Facility in Clifton, Tennessee. He brings this action under 42 U.S.C. §§ 1983, 1985, and 1988[1] against: 1) Leslie E. Price, Assistant Attorney General (AAG) for the State of Tennessee; 2) Robert L. Jones, Circuit Court Judge, 22nd Judicial District, Part III; and 3) Jim T. Hamilton, Circuit Court Judge, 22nd Judicial District, Part I. The plaintiff seeks money damages, injunctive and declaratory relief.

The complaint pertains to a petition for state *habeas corpus* relief that the petitioner filed in March 2008. (Docket Entry No. 1, ¶ IV, Attach. Doc. ¶ 1, p. 3). The plaintiff asserts that AAG Price filed a motion to dismiss the petition under Tenn. Code Ann. § 29-21-107, and that she allegedly provided "misleading information that influenced the decision of the court." (Docket Entry No. 1, ¶ IV, Attach. Doc. ¶¶ 2-4, pp. 3-4). More particularly, the plaintiff alleges that AAG Price moved to dismiss because the plaintiff failed to attach the documentation to his petition required under § 29-21-107. The plaintiff alleges that Judge Jones granted the motion to dismiss. (Docket Entry No. 1, ¶ IV, Attach. Doc. ¶ 5, p. 4).

---

[1] Title 42 U.S.C. § 1988 pertains to the payment of fees in proceedings that seek to vindicate civil rights violations. Section 1988 does not constitute an independent ground for relief.

The plaintiff asserts that he thought about filing an appeal, but concluded that an appeal "would have been futile." (Docket Entry No. 1, ¶ IV, Attach. Doc. ¶ 7, p. 5). He asserts that he also thought about refiling the petition, but believed that refiling "would have been futile" as well. (Docket Entry No. 1, ¶ IV, Attach. Doc. ¶ 8, p. 5). Later, having received assurances that the required documentation had since been filed, the plaintiff moved to set aside the order dismissing his petition. (Docket Entry No. 1, ¶ IV, Attach. Doc. ¶¶ 8-10, pp. 5-6).

According to the plaintiff, more than 7 months have passed, but no action has been taken on his motion. (Docket Entry No. 1, ¶ IV, Attach. Doc. ¶ 11, p. 6). The plaintiff alleges that Judge Hamilton has permitted his motion to "languish in the Wayne County Circuit Court for seven and a half months without a hearing or decision," and that he is engaged in a conspiracy with AAG Price and Judge Jones to deprive him of his constitutional rights. (Docket Entry No. 1, ¶ IV, Attach. Doc. ¶¶ 11-13, pp. 6-7).

## II. ANALYSIS

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. § 1915A(b)(1), or if the plaintiff seeks monetary relief from a defendant who is immune from such relief, *Id.* at § (b)(2). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

### a. Assistant Attorney General Price

Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from civil liability. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976);[2]

---

[2] Although *Imbler* addresses absolute immunity of criminal prosecutors in the judicial phase of the criminal process, the Sixth Circuit has joined the Third and Seventh Circuits in holding that *Imbler* pertains to advocates for the

2

*Burns v. Reed*, 500 U.S. 478, 486 (1991); *Lomaz v. Hennosy*, 151 F.3d 493, 499 (6th Cir. 1998). In determining whether officials such as AAG Price are entitled to absolute immunity, the Supreme Court has endorsed a functional test. The courts look at "'the nature of the function performed, not the identity of the actor who performed it.'" *Forrester v. White*, 484 U.S. 219, 229 (1988); *see also Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997).

The complaint alleges that AAG Price filed a motion to dismiss the petitioner's state *habeas corpus* petition under § 29-21-107, a statute enacted by the Tennessee legislature.[3] The plaintiff does not allege, nor can it be liberally construed from the complaint, that AAG Price's alleged actions occurred outside her official duties. Because AAG Price was acting "'as an advocate for the State'" at all times during the events alleged, she is deemed to have been "'intimately associated with the judicial phase'" of the plaintiff's case in state court, thereby entitling her to "absolute immunity." *See Prince v. Hicks*, 198 F.3d 607, 611 (6th Cir. 1999)(quoting *Imbler*, 424 U.S. at 409); *see also Burns*, 500 U.S. at 491.

### b. Judges Jones and Hamilton

"Few doctrines [are] more solidly established . . . than the immunity of judges from the liability for damages for acts committed within their judicial jurisdiction." *See Ray v. Pierson*, 386 U.S. 547, 553-45 (1967)(citing *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872)). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991)(*per curiam*). Moreover, "judicial immunity is not overcome by allegations of bad faith or malice . . . ." *Id*. (citing *Ray*, 386 U.S. at 554 (immunity applies "even

---

state in civil actions as well. *See Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000).

[3] Although the plaintiff asserts that AAG Price "deliberately supplied misleading information that influenced the decision of the court," and that she is in a conspiracy with Judges Jones and Hamilton to deprive him of his rights, the plaintiff does not provide any factual allegations to support any of these claims. The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990).

3

when the judge is accused of acting maliciously and corruptly") and *Harlow v. Fitzgerald*, 457 U.S. 800, 815-819 (1982)(allegations of malice are insufficient to overcome immunity)).

Notwithstanding the foregoing, the Supreme Court has held that judicial immunity may be overcome in two instances. In the first instance, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions taken outside the judge's judicial capacity. *Mireles*, 502 U.S. at 11 (citing *Forrester,* 484 U.S. at 227-229 and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)). To determine whether an act is in the judge's judicial capacity, the Supreme Court has established a two-prong test. The first half of the test is to determine whether the function is one "normally performed by a judge." *Stump*, 435 U.S. at 362. This so-called functional approach examines the nature and function of the act, not the act itself. *Mireles*, 502 U.S. at 13 (citation omitted). Even if a particular act is not a function normally performed by a judge, the court is required to "look to the particular act's relation to a general function normally performed by a judge." *Id*. The second half of the Supreme Court's two-prong test is to determine whether the judge's action is judicial is to "assess whether the parties dealt with the judge in his or her judicial capacity." *Stump*, 435 U.S. at 362.

The second instance in which a judge is not immune involves those actions, although judicial in nature, that are taken in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11 (citing *Stump*, 435 U.S. at 356-357 and *Bradley*, 13 Wall. at 351). In other words, even if a judge's actions are judicial in nature, the judge may not be entitled to immunity if he was without jurisdiction to take those actions.

The plaintiff does not allege, nor can it be liberally construed from the complaint, that Judges Jones and Hamilton were not performing functions normally performed by judges, nor does he allege that Judges Jones and Hamilton dealt with him as anything but a party in an action brought in state court. Accordingly, the plaintiff has failed to establish that Judges Jones and Hamilton acted outside their judicial capacity. Neither does the plaintiff allege, nor can it be liberally construed

4

from the complaint, that the judges acted without jurisdiction. Accordingly, Judges and Hamilton are entitled to absolute judicial immunity.

## III. CONCLUSION

As reasoned herein, the defendants are entitled to absolute immunity from suit. Accordingly, this action will be dismissed for failure to state a claim on which relief may be granted.

An appropriate Order will be entered.

Robert L. Echols
United States District Judge

5